IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI ROWLANDS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 14-cv-5843 |
| BANGOR AREA SCHOOL DISTRICT, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                          **January 13, 2015**

This is an employment discrimination case initially brought under both federal and state statutes. After the defendant moved to dismiss the plaintiff's complaint under Rule 12(b)(6), the plaintiff amended her complaint as a matter of right and removed her federal claims. Both parties agree that this court should not exercise jurisdiction over the plaintiff's state law claim. The parties are not diverse. They dispute whether the remaining state law claim should be dismissed outright or remanded to the state court. For the reasons stated below, I will remand the action to the Court of Common Pleas of Northampton County.

**I. Background**

Ms. Rowlands, 47, is still currently employed by the defendant as a custodian. The plaintiff allegedly suffers from chest pains, anxiety, and insomnia. She claims that she has been subjected to an ongoing pattern of harassment and unwarranted disciplinary actions by the defendant based on disability and gender.

1

This case was initially filed in the Court of Common Pleas of Northampton County and then removed by the defendant to this court. The original complaint asserted claims under the Age Discrimination in Employment Act, the Americans with Disabilities Act, Title VII, and the Pennsylvania Human Relations Act (PHRA). The defendant filed a motion to dismiss the complaint under Rule 12(b)(6), citing Iqbal and Twombly.

The plaintiff then amended her complaint in response to the motion to dismiss as a matter of course. See Fed. R. Civ. P. 15(a)(1). Only her PHRA claim remained in her amended complaint. The defendant now moves to dismiss based on lack of subject matter jurisdiction. The plaintiff moves to remand to state court.

**II. Discussion**

Because the parties are not diverse, the only basis for the jurisdiction of this court over the plaintiff's state law claim could be supplemental jurisdiction. The plaintiff's state law claim is grounded in the "same nucleus of operative fact"—i.e. the plaintiff's allegations of discrimination by her employer—as her federal claims, making pendent or supplemental jurisdiction over the state law claim appropriate. See 28 U.S.C. §1367; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988)(citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)).

Section (c)(3) of 28 U.S.C. §1367 provides that a district court may decline supplemental jurisdiction once the federal claims have been dismissed.[1] "[W]hen federal

---

[1] Technically, 28 U.S.C. §1367(c)(3) states that the court has this discretion to decline jurisdiction after *the court* has dismissed all the plaintiff's federal claims. In this case, the plaintiff herself voluntarily dismissed her federal claims. This distinction appears to have little effect on the outcome of this case. In Carnegie-Mellon Univ. v. Cohill, the

2

claims are dismissed at an early stage, the exercise of pendent jurisdiction should be declined…" City of Pittsburgh Com'n. on Human Relations v. Key Bank USA, 163 Fed.Appx. 163, 166 (3d Cir. Jan. 24, 2006)(citing Gibbs, 383 U.S. at 726). See also Bright v. Westmoreland County, 443 F.3d 276, 386 (3d Cir. 2006)(citations omitted).  I will decline to exercise jurisdiction over the remaining state law claim.

"[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon Univ., 484 U.S. at 356. A court should consider whether the remand would "best promote the values of economy, convenience, fairness, and comity." Id. at 352.

A remand in this case is fairer and is a more efficient use of judicial resources than dismissal. If I were to dismiss the plaintiff's claim, she would then need to refile it in state court. She would incur additional expenses. The attorneys involved would be spending additional time and resources in order to start the process of litigating the case from scratch.[2] There is a chance that this re-filing might prejudice the plaintiff's rights to assert her claim.[3] For all of these reasons, a remand is the most economical, convenient,

---

plaintiffs had voluntarily withdrawn their federal claim, after being granted leave to do so. 484 U.S. 343, 346 (1988).Their amended complaint then only asserted pendent state law claims. Id. Under this scenario, the Supreme Court still found that a remand may be appropriate after a court had decided to decline to exercise supplemental jurisdiction. Id. at 357. I have not found any case law that discusses how an amendment of a complaint as a matter of course, not by leave, would be treated. However, if an amendment permitted by leave can still provide a basis for a remand, surely an amendment as a matter of course would have the same effect.

[2] See Carnegie-Mellon Univ., 484 U.S. at 352 ("Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.").

[3] Typically, a district court should look at whether a plaintiff will be precluded from reasserting her claim in state

and fair course of action.

The defendant argues that the plaintiff's amendment to her complaint is a manipulative tactic meant to avoid the federal forum. Though the plaintiff's actions are somewhat unusual, I cannot say they are an outright attempt at "forum manipulation." Even if they appear to be manipulative, such "forum manipulation" would be only one of several factors to consider. Id. at 362-63. The other considerations in this case warrant a remand.

### III.   Conclusion

For the foregoing reasons, I will deny the defendant's motion to dismiss and grant the plaintiff's motion to remand. This case will be remanded to the Court of Common Pleas of Northampton County.

An appropriate Order follows.

---

court based on the statute of limitations, after a federal court has dismissed it. Id. at 352-53. The plaintiff alleges that she has exhausted her administrative remedies but has not offered specific dates regarding her administrative filings. It is unclear if the statute of limitations would bar her from re-filing her claim in state court, but there is a chance it might. Nonetheless, the statute of limitations is not the only factor a court should consider in deciding the remand, as explained above. Id. at 352.